W. L. HENRY ET AL. v. W. L. HILLIARD ET AL.

(Filed 23 December, 1911.)

1. Judicial Sales—Trustees—Commissions—Agreement—Subsequent Agreement—Interpretation of Contracts.

In this case, *Held*, that a trustee of the funds arising from the sale of certain lands under judicial proceedings should not be entitled to certain commissions under an agreement entered into with the parties in interest, for the reason that these commissions were included under a certain other and subsequent agreement in a larger sum for his full services.

2. Judicial Sales—Trustees—Commissions—Agreement — Report — Interpretation of Contracts.

An agreement entered into by the parties and a trustee appointed by the court to hold and disburse the proceeds of sale of lands under judicial proceedings, which specifies that the report of the trustee "is considered as correct as to all debts and credits that have passed through his hands, except as modified by this agreement," does not authorize a commission claimed by the trustee in his report which the agreement itself includes in a larger amount for full commissions which are to be paid him.

3. Judicial Sales—Trustees—Order of Court—Disbursements in
Excess.

A trustee appointed by the court in judicial proceedings to hold
and disburse moneys arising from the sale of lands is not entitled
to a credit of a larger amount paid to certain parties in interest
than ascertained and fixed by an order in the case made by the
court, as a payment in excess of that sum is made without
authority.

APPEAL from *Cline, J.,* at January Term, 1911, of HAYWOOD.

The facts are sufficiently stated in the *per curiam* opinion of
the Court.

Civil action heard on exceptions to report of referee.

From rulings of his Honor, modifying report, and judgment
thereon as modified, R. D. Gilmer, trustee, excepted and ap-
pealed.

*W. T. Crawford for plaintiff.*
*Walter Clark, Jr., for defendant.*

PER CURIAM.   This was a civil action involving the settle-
ment of what is termed in the record the "Love estate."   Pend-
ing the proceedings, on motion of Hon. R. D. Gilmer, trustee of
funds belonging to the estate arising from sale of certain lands
in Haywood, Jackson, and adjoining counties, report was made
and, on exceptions filed, the questions involved were referred
by order of court to M. W. Bell, Esq., who heard testimony
and made report containing his findings of fact and conclusions
of law in the case.   Exceptions having been made to this report,
present judgment was entered at January Term, 1911, and the
trustee, as stated, excepted and appealed.

The objections made to the validity of the judgment are,
first, that the trustee is charged with the sum of $669.30 com-
missions heretofore retained by him on a sale of certain lands
in Jackson County made in the year 1900 under and by virtue
of a written agreement as to fees, had and made between the
trustee and two of the beneficiaries of the estate with the sanc-
tion of a majority of the *cestui que trusts* in 1894.   This item
was no doubt charged against the trustee for the reason that
under another agreement entered into between all the parties
of record on 30 June, 1908, subsequent to the one before men-

tioned, it was stipulated that the trustee should receive the sum of $6,500 in full for all services since 1898, and might retain all amounts allowed him for services before that time. The sale under which this charge is made took place, as stated, in 1900, and the commissions therefore are covered by agreement for $6,500, and was therefore not a proper charge.

It is claimed for the trustee that this objection is not open, because the parties had also agreed that the report filed by the trustee, in which this item appeared as a proper credit, should be taken as correct, but we do not think this a correct position. The agreement in the particulars referred to expressly states that the report of the referee "is to be considered as correct as to all debts and credits that have passed through the hands of said Gilmer, *except as modified* by this agreement as to charges for services rendered by said Gilmer."

The objection, therefore, was open to the appellees by the express provisions of the agreeement.

Again, it was objected that the trustee had been credited only with the sum of $5,500 as the amount properly paid by him to the heirs of William Welch, whereas the facts showed that the trustee paid these heirs the sum of $6,174.17. The answer is that the amount due these heirs had been fixed by a decree of the court made in the cause at the sum of $5,500, and there is no authority appearing for a payment of any amount in excess of that sum.

We find nothing in the record that would justify the Court in disturbing the conclusion reached by his Honor, and the judgment entered by him is therefore

Affirmed.